**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

DAVID N. PETERSEN,

    Plaintiffs,

v.                                                            Case No. 10-C-549

GERARD R. MARTI,
COLLEEN K. NOAH-MARTI,
CELEBRITIES GALLERIES, and
EURO-HAWAIIAN PRODUCTIONS, INC.,

    Defendants,

TRADEWIND INSURANCE COMPANY, LTD. and
ISLAND PREMIER INSURANCE COMPANY, LTD>,

    Intervenor Defendants.

---

## **DECISION AND ORDER**

---

On July 2, 2010, the plaintiff, David N. Petersen, filed a six-count complaint against the defendants, Gerard R. Marti, Colleen K. Noah-Marti, Celebrites Galleries, and Euro-Hawaiian Productions, Inc.[1] He alleges that he purchased different types of memorabilia of the late John Lennon from the defendants and that, despite the defendants' guarantees that they were authentic, the items were counterfeit. Specifically, the plaintiff alleges that the defendants made false and fraudulent representations about the items he purchased. He alleges claims based on intentional, negligent and strict responsibility misrepresentation; misrepresentation in violation of Wis. Stats. §§ 895.80 and 943.20(1)(d); breach of contract; and fraudulent representations in violation of Wis. Stat. §100.18.

---

[1] The plaintiff's complaint originally listed two additional defendants, Insurance Factors and Emi Yoshida. However, on July 27, 2010, the court approved the plaintiff's voluntary dismissal of Insurance Factors and on November 19, 2010, the court approved the stipulated dismissal of Emi Yoshida.

The intervenor defendants, Tradewind Insurance Company, Ltd. (Tradewind) and Island Premier Insurance Company, Ltd. (Island Premier), are insurers of Celebrites Galleries, Gerard R. Marti, and Colleen K. Noah-Marti.

On November 24, 2010, intervenors Tradewind and Island Premier filed a motion to intervene, bifurcate the litigation of the insurance coverage issues from the litigation of the merits of the action pursuant to Fed. R. Civ. P. 42, and stay the proceedings until the insurance coverage issues have been resolved. (Docket #26). On December 16, 2010, the court held a conference regarding this motion at which time it granted the motion to intervene. The plaintiff and the defendants oppose the motion to bifurcate and stay this action.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate a trial under Rule 42(b) is within the sound discretion of the court and must be made on a case-by-case basis. Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000); see also, Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999) (citing McLaughlin v. State Farm Mut. Auto. Ins. Co., 30 F.3d 861, 870 [7th Cir. 1994]). Rule 42(b) permits the separation of claims or issues for trial if certain conditions are met: (1) the court must determine whether separate trials would avoid prejudice to a party or promote judicial economy; (2) the court must be satisfied that its decision to bifurcate does not unfairly prejudice the non-moving party; and (3) separate trials must not be granted if doing so would violate the Seventh Amendment. Houseman, 171 F.3d at 1121.

In Wisconsin, bifurcation of the issues of coverage and liability is the accepted practice. Prosser v. Leuck, 225 Wis. 2d 126, 148, 592 N.W.2d 178, 187 (Wis. 1999). In Kenefick v. Hitchcock, the court explained:

> the insurer [who] has a duty to defend . . . and who claims that the terms of the policy deny coverage for the incident forming the basis of the suit, must take steps to seek and obtain a bifurcated trial – litigating coverage first and obtaining a stay of all proceedings in the liability and damage aspects of the case until coverage, or lack of coverage, is determined.

187 Wis. 2d 218, 232-33, 522 N.W.2d 261 (Wis. Ct. App. 1994) (citing Elliott v. Donahue, 169 Wis. 2d 310, 318, 485 N.W.2d 403, 406 [Wis. 1992]).

A bifurcated trial, however, is not an insurer's only option when coverage is disputed. Other solutions include a reservation of rights by the insurer or a nonwaiver agreement to be signed by the insured, whereby the insurer agrees to defend while the insured acknowledges the insurer's right to contest coverage. Grube v. Daun, 173 Wis. 2d 30, 75, 496 N.W.2d 106 (Wis. Ct. App. 1992). Moreover, in cases where the insurer is not named in the underlying suit, coverage may be determined by a separate declaratory judgment action, as well as a bifurcated trial. Fire Ins. Exchange v. Basten, 202 Wis. 2d 74, 77, 549 N.W.2d 690 (Wis. 1996).

Disputes regarding coverage typically can be determined by comparing the policy's provisions to the underlying complaint. "An insurer's duty to defend its insured is determined by comparing the allegations of the complaint to the terms of the insurance policy." Estate of Sustache v. Am. Family Mut. Ins. Co., 311 Wis. 2d 548, 560, 751 N.W.2d 845 (Wis. 2008). The duty to defend "is triggered by the allegations contained within the four corners fo the complaint." Id. As such, issues of coverage can typically be resolved through summary judgment motions. See Ehlers v. Johnson, 164 Wis.2d 560, 563, 476 N.W.2d 291 (Ct. Ap. 1991).

In moving to bifurcate and stay the proceedings, the intervenors assert that there is a justiciable controversy as to whether the insurance policies they issued to the defendants

provide coverage for the claims set forth in the complaint. The intervenors contend that they will be prejudiced if this motion is denied because they would incur defense costs and have to participate in discovery concerning the liability and damages portion of the case before determining whether they are obligated to provide coverage to the defendants in the first place.

In opposing the motion, the defendants assert that the intervenors did not timely file this motion because they waited three months after being put on notice that the defendants were seeking coverage. The defendants also contend that federal courts in Wisconsin have a preference not to bifurcate and stay cases. Both the plaintiff and the defendants maintain that the intervenors have failed to establish that a bifurcation and stay would avoid prejudice. The plaintiffs and defendants further state that a bifurcation and stay in this case will not promote judicial economy as required by Fed. R. Civ. P. 42(b), because bifurcation could result in duplicative discovery or two trials.

With respect to the concern that the intervenors did not timely file this motion, the motion was filed before the court issued a scheduling order and before any significant discovery was completed in this case. In fact, to date a scheduling order still has not been issued in this case. Therefore, the court finds that the intervenors acted within an appropriate amount of time after being put on notice by the defendants with regard to the plaintiff's claims.

In this case, the question of coverage under the insurance policies relies on documents separate from those in the underlying suit, namely, the insurance policies. In addition, despite the contentions of the plaintiff and defendants, the intervenors could be significantly prejudiced should they be required to defend the underlying action prior to establishing coverage. The potential for prejudice in this particular case is exacerbated because the anticipated litigation expenses may be especially large due to the distant locations of the parties. By ordering a

bifurcation and stay of the proceedings, the coverage issue can be determined prior to the liability issue so that the intervenors will not be forced to unnecessarily defend.

The plaintiff and defendants also are concerned that a bifurcation and stay may require parties to be deposed two separate times, thereby delaying resolution of the case and resulting in an increased cost of discovery. In response, the intervenors state they do not intend to conduct discovery on the coverage issue. Coverage issues typically can be determined by comparing the policies' provisions to the underlying complaint. See Estate of Sustache, 311 Wis. 2d at 560 ("An insurer's duty to defend its insured is determined by comparing the allegations of the complaint to the terms of the insurance policy."). In addition, these issues typically can be resolved through summary judgment motions, thereby mitigating concerns that there will be two trials. See Ehlers v. Johnson, 164 Wis.2d 560, 563, 476 N.W.2d 291 (Ct. Ap. 1991). Accordingly, the court finds that it is unlikely that there will be duplicative discovery, an additional trial, or significantly increased costs if this case is bifurcated and stayed.

Finally, the cases relied upon by the defendants to support their contentions that federal district courts in Wisconsin prefer not to bifurcate and stay cases are factually distinguishable. In David and Goliath Builders, Inc. v. Kramer, 2010 WL 145849 (E.D. Wis. Jan. 8, 2010), the intervenor filed the motion to bifurcate and stay two months after a scheduling order had been issued. At that point, the plaintiff and defendant were "already in the midst of settlement discussions," and were scheduled to mediate the matter soon after the motion was filed. Id. at *2.

The court found that bifurcation and a stay would "detract from current efforts toward settling the case . . .." Id. Furthermore, the parties in that case already had agreed that if the facts set forth in the complaint were true, the intervenor had a duty to defend and indemnify the defendant. The intervenor was asserting that the facts alleged in the complaint were not true.

- 5 -

Therefore, the issue of coverage was wholly dependent on the resolution of the underlying suit, "obviating the need to bifurcate" the coverage and liability issues. Id.

In this case, unlike David and Goliath, there is no scheduling order in place at this time and, to the court's knowledge, the parties are not in the midst of settlement negotiations. Moreover, the coverage issue is not dependent upon the resolution of underlying factual disputes. Therefore, facts before the court in David and Goliath are distinguishable and the court's rationale for its decision is inapplicable to this case.

Similarly, in Baumgardt v. Wausau Sch. Dist. Bd. of Educ., 2007 WL 5650180 (W.D. Wis. Feb. 15, 2007), the court already had granted the parties' request for a stay on other grounds and had set "a relatively leisurely schedule . . .." Id. at *1. In addition, the court found that "this is a case in which prompt, targeted discovery can adduce the facts necessary for the insurers to file their motions to dismiss and perhaps get out of the case promptly." Id. The insurers in Baumgardt wanted to conduct limited discovery on the issue of coverage and the court found that the leisurely schedule already in place provided them sufficient time to conduct that discovery and file dispositive motions without a bifurcation and stay. Id. In contrast, no stay has been granted in this case and the intervenors have indicated that they do not intend to conduct discovery on the coverage issue. As such, Baumgardt is distinguishable from this case. Therefore, this court finds that a bifurcation and stay is appropriate in this case.

In sum, the intervenors would be unduly prejudiced if they had to mount a defense before coverage is determined under the terms of the insurance policies issued. Accordingly, based on the foregoing, the intervenors' motion to bifurcate and stay proceedings will be granted.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that intervenor defendants' motion to bifurcate and stay the proceedings be and hereby is **granted**. (Docket #26).

Dated at Milwaukee, Wisconsin this 24th day of June 2011.

BY THE COURT:

__s/ Patricia J. Gorence_____
PATRICIA J. GORENCE
United States Magistrate Judge